25th April», 1807.
Brevard, J.,
delivered the unanimous .iopi¿idcfo|l all'the judges. The first count in the declaration is evidently a count in trespass on the case, founded on tort, and not on cofifract. The general issue on this count would be on the plea of not guilty. The other counts are general counts in indebitatus as-sumpsit. These counts are inconsistent, and might have been demurred to. A verdict has been found upon all the counts for the plaintiff. I am of opinion that the plaintiff is not entitled to judgment on this record, because of this inconsistency in the declaration ; and that the motion in arrest of judgment ought to prevail. But as the defendant’s counsel has expressed a wishj that the decision may be made on the other grounds taken by him, rather than on this, if they should be found valid, the court has taken them into consideration, and we are all of opinion, that to have supported the action on the first count, it was necessary that the allegations therein contained, material to the maintenance of the case, should have been substantially proved. The wrong complained of is the fraud and deception practised by the defendant, in selling land td *139 which he had no title. But no evidence was given to substantiate 0 this charge ; and if fraud were legally presumable, yet there was no evidence given upon which a presumption of fraud could be fairly raised.
There was no proof of any sale by the defendant, as alleged. The declaration does not state that the defendant persuaded and induced the plaintiff to purchase at sheriff’s sale, and falsely and deceitfully suggested, or insinuated, that Oliphant’s title was sufficient ; or that he prevailed upon the plaintiff, deceitfully, to make this contract to prejudice him, or to advantage himself. But if the declaration had been thus drawn; still no evidence was given to sup. port these allegations.
How could Bell’s recovery affect the defendant, who did not sell or convey ihe land 1 And it appears that the plaintiff was not ignorant of Bell’s claim when he purchased, and it is not improbable that he intended to buy on speculation, and run the risk of there being a better title in Bell.
We are all of opinion the Verdict in this case should be set aside, and that the defendant should have leave to enter up a judgment of nonsuit.